life of the property, under all the facts and circumstances, is, there is no basis for determining the deduction. With respect to obsolescence, if it can not be determined that the assets will become obsolete prior to the estimated date of the physical exhaustion thereof, or if a reasonably definite date can not be ascertained, there are no means of determining what is a reasonable allowance on that account.

The taxpayer in this appeal charged off the amount of $300,000 on its books in 1918, apparently on acount of the estimated reduction in value of its assets. The record contains no evidence as to how the figures were arrived at. It appears that the taxpayer reached the conclusion that, at some indefinite time in the future, it would probably have to abandon its assets, and considered that such an amount of loss or reduction in value of assets would be realized if and when that event occurred. It was not known, however, in 1918, that the assets would at any time become obsolete. Deductions from gross income in determining net income are not allowed on such a basis.

For the foregoing reasons, it is the opinion of the Board that the taxpayer is not entitled to deductions in 1918 and 1919 on account of obsolescence of its tangible assets.

---

Appeal of **DAKOTA CENTRAL TELE-**    Docket No. 703.
**PHONE CO.**

Submitted March 25, 1925; decided April 13, 1925.

*Alfred L. Geiger, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

This appeal presents the single question whether the Commissioner erred in the determination of the invested capital allowed the taxpayer for 1917. To the petition filed, the Commissioner interposed in his answer a plea in bar in respect to the year 1917. Arguments of counsel on the Commissioner's plea were heard on January 20, 1925, and the plea was denied by formal order entered on February 13, 1925. The appeal was restored to the calendar for hearing on its merits on March 25, 1925. At this hearing counsel for the Commissioner read a stipulation of facts into the record. From the petition and answer filed and the stipulations of counsel the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a South Dakota corporation with its principal office at Aberdeen, S. Dak. A deficiency letter was mailed to the taxpayer September 26, 1924, in which the Commissioner set forth his determination of the taxpayer's liability as follows:

|  | Deficiency in tax. | Overassessment. |
|---|---|---|
| 1909 waiver | $313.98 | |
| 1910 waiver | 223.13 | |
| 1911 waiver | 301.27 | |
| 1917 | | $27.28 |
| 1918 waiver | | 3,424.48 |
| 1919 | | 386.03 |
| 1920 | 5,729.16 | |
| 1921 | 160.95 | |
| Total | 6,728.49 | 3,837.79 |
| Net additional tax | 2,890.70 | |

2. For the calendar year 1917 the Commissioner reduced the invested capital claimed in the return filed by the taxpayer by eliminating from earned surplus amounts representing reserve for Federal taxes and increasing depreciation for years prior to 1917. This elimination was made on the basis of a report of a field agent of the Bureau of Internal Revenue, dated January 24, 1919, in which he recommended a reduction in invested capital as of January 1, 1917, on the ground that the taxpayer had failed to take adequate deduction for prior years. After reducing the invested capital, refunds of $313.98 for 1909, $223.13 for 1910, and $301.27 for 1911 were granted the taxpayer.

3. On July 10, 1924, the taxpayer filed a waiver with the Commissioner, consenting to a determination, assessment, and collection of the amount of income, excess-profits, and war-profits taxes due for the years 1909 to 1917, the waiver to be in effect for only one year from the date it was signed. By virtue of this waiver the Commissioner, in the deficiency letter of September 26, 1924, proposes to reassess the refunds granted to the taxpayer for the years 1909, 1910, and 1911.

4. No claim for refund has been filed by the taxpayer for taxes paid for 1917.

### DECISION.

The determination of the Commissioner is approved. The taxpayer failed to adduce satisfactory evidence to show that its invested capital as fixed by the Commissioner was incorrect.

---

### Appeal of F. C. CHENEY.  Docket No. 912.

Deficiency disallowed on the admission of the Commissioner that the taxpayer is entitled to the exemption claimed.

Submitted April 1, 1925; decided April 13, 1925.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

In filing his income-tax return for 1923, the taxpayer claimed an exemption of $3,600 from gross income, but failed to state his reasons